UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIM BASS HOLDEN,  ) 3:16-cv-00064-MMD-WGC
   )
    Plaintiff,  ) **ORDER**
   )
vs.  ) Re: ECF No. 37
   )
STATE OF NEVADA, ex. rel., NEVADA  )
DEPARTMENT OF CORRECTIONS, *et al.*,  )
   )
    Defendants.  )
_____ )

Before the court is Plaintiff's Amended Motion for Leave to File 2nd Amended Complaint. (ECF No. 37.) Defendants filed a response (ECF No. 46), and Plaintiff filed a reply (ECF No. 48). For the reasons stated below, Plaintiff's motion is granted.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983. (Pl.'s First Am. Compl., ECF No. 3.) While he filed his complaint and FAC pro se, he is now represented by counsel. (*See* ECF No. 28.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP), Lovelock Correctional Center (LCC), and Northern Nevada Correctional Center (NNCC).

On screening, Plaintiff was permitted to proceed with claims under the Eighth Amendment and Nevada Constitution for deliberate indifference to his health, safety and serious medical needs based on allegations: that Defendants instituted policies which deprived him of protection from the sun while he resided in HDSP's administrative segregation (ad-seg) unit; and, when he attempted to seek medical treatment for his changing moles, freckles and skin lesions for four years, and even when prison officials knew some of his lesions were cancerous, they refused to look at other lesions and order biopsies or properly treat his condition. (Screening Order, ECF No. 4.)

Plaintiff was allowed to proceed with these claims in the FAC against the following defendants: James Greg Cox, E.K. McDaniel, Dr. Robert Bannister, Pamela Del Porto, Chuck Schardin, Dwight Neven, Timothy Filson, Dr. Ted Hanf, Nurse Practitioner Fey, Dr. James Holmes, Dr. Romeo Aranas, and Dr. William Donnelly. (*Id*.) Nurse Practitioner Fey was subsequently dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) on April 24, 2007. (ECF No. 41.) Plaintiff served Dr. Holmes via publication. (*See* ECF Nos. 30, 31, 33, 44.)

Plaintiff now seeks leave to file a Second Amended Complaint (SAC). In their opposition to Plaintiff's motion, Defendants assert two arguments for denying Plaintiff's motion: (1) Plaintiff has already amended his complaint once as a matter of course; and (2) amendment would be futile, at least as to Counts I-III, because Plaintiff fails to allege that the defendants named in those counts knew of and disregarded an *excessive* risk to inmate health or safety through the alleged policies.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

## III. DISCUSSION

First, insofar as Defendants' argue that the motion should be denied because Plaintiff has already amended once as a matter of course, the court finds that argument to be meritless. Federal Rule of Civil Procedure 15 specifically allows a party to amend a pleading once as a matter of course within twenty-one days after service, or within twenty-one days of the service of a responsive pleading or motion, and otherwise, by obtaining consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)

(emphasis added). "Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Plaintiff is within the confines of Rule 15 in seeking to amend with the court's leave even though he already amended once as a matter of course.

Second, the court will turn to Defendants' argument that amendment would be futile with respect to Counts I-III of the SAC.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The proposed SAC removes some defendants and adds certain others. Specifically, the proposed SAC names: State of Nevada ex rel Nevada Department of Corrections; HDSP Warden Dwight Neven, Associate Warden of HDSP Timothy Filson, NDOC Director James G. Cox, NDOC Deputy Director E.K. McDaniel, HDSP Associate Warden Isidro Baca, HDSP Associate Warden Bruce D. Stroud, HDSP Associate Warden Jennifer S. Nash, HDSP Associate Warden Cole T. Morrow, HDSP Associate Warden Jerry L. Howell, HDSP Associate Warden Harold J. Wickham, HDSP Associate Warden James S. Henson, Commissioner of the Nevada Board of State Prison Commissioners (NBPC) Brian Sandoval, Commissioner of the NBPC Barbara Cegavske, Commissioner of the NBPC Adam Laxalt, NDOC Medical Director R. Bruce Bannister, NDOC Senior Physician and NDOC Medical Director Romeo Aranas, Dr. James E. Holmes, Dr. Ted D. Hanf, Dr. David Hipkin, and Dr. William Donnelly. (ECF No. 37 at 8-9.)

The factual allegations contained in the proposed SAC are substantially similar to those contained in the First Amended Complaint, with the addition of allegations relative to the parties Plaintiff claims are responsible for promulgating policies, practices or procedures that resulted in his being placed in a cage without adequate protection from the sun while in ad-seg at HDSP and denied access to sunscreen from either the prison store or medical department. These allegations give rise to the claims set forth in Counts I-III.

Defendants argue that Plaintiff fails to allege that the defendants named in these three counts knew of and disregarded an *excessive* risk to inmate health or safety through NDOC's policies of allowing HDSP inmates to recreate in uncovered closures, prohibiting inmates in HDSP ad-seg units

from purchasing sunscreen, and failing to allow HDSP ad-seg prisoners to access sunscreen from the medical department. The court disagrees.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments. U.S. Const. amend. VIII. Prison officials must "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Officials violate the Eighth Amendment when their action is objectively, sufficiently serious, meaning it results in "the denial of the minimal civilized measure of life's necessities[,]" and the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 834, 837 (citations and quotation marks omitted).

Plaintiff alleges that he was provided outside recreation as an ad-seg inmate at HDSP by being placed in a steel cage for one to three hours during spring and summer months without any type of covering to shield him from the direct rays of the sun, when these Defendants were aware that temperatures at HDSP regularly exceed 100 degrees during these months. (ECF No. 37 at 14 ¶¶ 51-53, ECF No. 37 at 21 ¶¶ 117-118.)

He alleges that when he attempted to order sunscreen from the HDSP prison store, his order was rejected on the basis that squeeze bottle products such as sunscreen were not permitted to be sold to ad-seg prisoners. (ECF No. 37 at 14 ¶¶ 54-55, ECF No. 37 at 22 ¶ 123.) He claims that these Defendants were aware temperatures regularly exceeded 100 degrees in the spring and summer months; that sunscreen was needed to aid prisoners in preventing skin cancers; and, these Defendants took no alternative measures to ensure HDSP ad-seg prisoners would still be allowed to purchase sunscreen by making it available in the prison store in a form that did not pose a safety or security risk. (ECF No. 37 at 14 ¶ 55; ECF No. 37 at 22 ¶¶ 123-25.)

Plaintiff goes on to allege that he requested sunscreen from the HDSP medical department, only to be told he had to purchase it from the prison store, which had already denied his request. (ECF No. 37 at 14-15 ¶¶ 56-57.) He claims that these Defendants failed to ensure that the HDSP medical department provided sunscreen to requesting prisoners in HDSP ad-seg when they were not permitted to purchase it from the HDSP store due to their policy. (*Id*. at 15 ¶ 57, ECF No. 37 at 23 ¶ 131.)

4

Defendants argue that Plaintiff has not sufficiently alleged they knew of an *excessive* risk to Plaintiff's health or safety. It is not clear whether they contend this to be the case because he did not use the word "excessive," or they do not think the allegations give rise to a claim that the Defendants' alleged conduct posed an excessive risk to his health, or both. In any case, the court finds the allegations are sufficient. Plaintiff alleges that these defendants promulgated policies of housing inmates in ad-seg where their recreation time was spent in an uncovered cage for one to three hours a day; knowing that temperatures were regularly above 100 degrees during spring and summer months; knowing the inmates had no access to any method of protection from the sun whether it be from sunscreen, a covering over the cage, or protective clothing; and, they did so knowing the inmates needed protection from skin cancer. Therefore, he has adequately alleged they knew of and disregarded an excessive risk to his health and safety.

As a result, Plaintiff should be given leave to amend to file the SAC.

## IV. CONCLUSION

(1) Plaintiff's Amended Motion for Leave to Amend (ECF No. 37) is **GRANTED**.

(2) The Clerk shall FILE the SAC (ECF No. 37 at 8-29).

(3) Plaintiff may proceed with the claims and defendants asserted in the SAC, except that Plaintiff may **not** proceed against the State of Nevada, ex rel. NDOC.[1]

///

---

[1] States are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A governmental agency that is an arm of the state is not a person subject to suit under section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). A state's department of corrections is an arm of the state, and therefore cannot be sued in a section 1983 action for damages. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, Eleventh Amendment immunity bars section 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

(4) Within **FOURTEEN (14) DAYS** of the date of this Order, the Attorney General's Office shall file a notice advising the court whether it will accept service on behalf of the defendants named in the SAC. If it does not accept service for any of those defendants, it shall file their last known address under seal (and not serve the inmate plaintiff). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es). If service is not accepted for any of the new defendants, Plaintiff shall file a motion identifying the unserved defendant(s) and requesting issuance of a summons and service of the summons and complaint.

(5) For those defendants on whose behalf the Attorney General has accepted service, the defendants shall file and serve an answer or other responsive pleading within **TWENTY-ONE** (21) days of the date a notice of acceptance of service is filed.

(6) The current scheduling order deadlines are **VACATED**. Once a responsive pleading is filed as to the SAC, the court will issue a new scheduling order, or set a status conference, if necessary.

**IT IS SO ORDERED.**

DATED: September 18, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE