# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIM BASS HOLDEN,

    Plaintiff,

vs.

STATE OF NEVADA, ex. rel., NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

3:16-cv-00064-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Partial Summary Judgment. (ECF No. 32, Suppl. at ECF Nos. 35, 36.) Defendants filed a response (ECF No. 45), and Plaintiff filed a reply (ECF No. 50).

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983. While he filed the complaint and first amended complaint (FAC) pro se, he is now represented by counsel. (*See* ECF No. 28.) The court has concurrently issued an order granting Plaintiff leave to amend to file a second amended complaint (SAC). That decision has no bearing on the instant motion.

The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP), Lovelock Correctional Center (LCC), and Northern Nevada Correctional Center (NNCC). (*Id.*) Plaintiff's action asserts violations of the Eighth Amendment and Nevada Constitution

for alleged deliberate indifference to his health, safety and serious medical needs based on allegations that he is fair skinned and was placed in administrative segregation (ad-seg) at HDSP and his access to recreation time was in an exposed steel cage with no protection from the sun's harmful rays, which regularly exceed 100 degrees in the spring and summer months. He alleges he was denied access to sunscreen either from the prison's store or the medical department. In addition, he claims that he attempted to seek medical treatment for his changing moles, freckles and skin lesions for approximately four years. He avers that even when prison officials knew some of his lesions were cancerous, they refused to look at other skin lesions or order biopsies to determine whether they were cancerous and required removal, or otherwise provide proper treatment for his skin condition.

Plaintiff has filed a Motion for Partial Summary Judgment, stating that Plaintiff served its initial expert disclosure on February 9, 2017, and Defendants did not disclose a rebuttal expert. The disclosure contained the expert report and medical opinions of Dr. Noel Rowan that Defendants' deprivation of sunscreen was the proximate cause of Plaintiff's basal cell carcinoma (BCC). Plaintiff argues that because Defendants did not disclose a rebuttal expert, Plaintiff is entitled to summary judgment on the issue of the cause of Plaintiff's basal cell carcinoma.

Defendants oppose the motion. They acknowledge they did not disclose a rebuttal expert, but contend they dispute the cause of Plaintiff's skin condition, and that the jury is still free to reject Plaintiff's expert's testimony.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

/ / /

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

The basis for Plaintiff's motion is that Defendants did not identify a rebuttal expert; therefore, Plaintiff claims he is entitled to summary judgment on the issue of causation of his skin condition. Plaintiff's expert's opinion as to the cause of Plaintiff's skin condition is not a "fact" for purposes of Rule 56 under these circumstances. It is an expert *opinion*. Defendants did not identify a rebuttal expert,

4

but they may present fact witnesses whose testimony may contradict the factual predicate giving rise to Plaintiff's expert's opinions. It is the province of the jury to determine which factual scenario to believe. *See* Ninth Circuit Model Jury Instruction 1.14. Moreover, Defendants may still cross-examine Plaintiff's expert, and, as Defendants' point out, the jury is then free to accept or reject the expert's testimony. *See* Ninth Circuit Model Jury Instruction 2.13.

Therefore, Plaintiff's partial motion should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Partial Motion for Summary Judgment (ECF No. 32).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: September 18, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE