UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIM BASS HOLDEN,

Plaintiff,

v.

STATE OF NEVADA EX REL NEVADA DEPARTMENT OF CORRECTIONS, et. al.,

Defendants.

Case No. 3:16-cv-00064-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF No. 51

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion to Strike Plaintiff's Proposed Expert Witness, Noel M. Rowan, M.D., and Preclude Him from Testifying at Trial. (ECF No. 51.) Plaintiff filed a response (ECF No. 52), and Defendants filed a reply (ECF No. 55). For the reasons set forth below, it is recommended that the motion be granted in part and denied in part.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983. While he filed the original and first amended complaint pro se, he is now represented by counsel, and was recently granted leave to file his second amended complaint (SAC). (*See* ECF Nos. 58, 59.)

The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP), Lovelock Correctional Center (LCC), and Northern Nevada Correctional Center (NNCC). He asserts violations of the Eighth Amendment and Nevada Constitution for alleged deliberate indifference to his health, safety and serious medical needs based on allegations that he is fair-skinned and was placed in administrative segregation (ad-seg) at HDSP, and his

access to recreation time was in an exposed steel cage with no protection from the sun's harmful rays, which regularly exceed 100 degrees in the spring and summer months. He alleges he was denied access to sunscreen either from the prison's store or medical department. He claims that the failure to provide any protection from the sun, either by way of a covering or provision of sunscreen, was a result of various prison policies. In addition, he avers he attempted to seek medical treatment for changing moles, freckles and skin lesions for approximately four years. He contends that even when prison officials knew some of his lesions were cancerous, they refused to look at other skin lesions or order biopsies to determine whether they were cancerous and required removal, or otherwise provide proper treatment for his skin condition.

The defendants named in the SAC are: Dwight Neven, Timothy Filson, James G. Cox, E.K. McDaniel, Isidro Baca, Bruce D. Stroud[1], Jennifer S. Nash, Cole T. Morrow, Jerry L. Howell, Harold J. Wickham, James S. Henson, Brian Sandoval, Barbara Cegavske, Adam Laxalt, R. Bruce Bannister, Romeo Aranas, James E. Holmes, Ted D. Hanf, David Hipkin, and William Donnelly.

Before the SAC was filed, Defendants moved to strike Plaintiff's proposed expert witness, Noel M. Rowan, M.D., and to preclude him from testifying at trial. (ECF No. 51.)

## II. DISCUSSION

Plaintiff disclosed Noel M. Rowan, M.D., as his expert under Federal Rule of Civil Procedure 26(a)(2)(B), stating that Dr. Rowan is expected to testify that the denial of sunscreen is the *only* cause of Plaintiff's skin conditions, including basal cell carcinoma (BCC). (ECF No. 51-2 at 2.) A copy of his expert report, as well as his CV, testimony history, and rate sheet were attached. (ECF No. 51-2 at 5-21.) The report states the following:

> I have reviewed the information, including medical records, given to me regarding Jim Holden, a prisoner in the custody of the Nevada Department of Corrections. He was incarcerated at the High Desert State prison. Mr. Holden is a fair-skinned, white male with blonde hair, blue eyes and freckles. From March 9, 2012 through April 14, 2015 his only opportunity to live outside of his cell was to enter an outdoor shade-less cage. The duration for this activity was one to three hours per day. He burns easily but was unable to purchase sun block, from the prison store or medical department, although requested on multiple occasions. On June 14, 2011 he reported changes in color and shape of several skin lesions. A

---

[1] A suggestion of death was recently filed with respect to Bruce D. Stroud, indicating he passed away on or about August 20, 2017. (ECF No. 60.)

physician told him they were benign although no biopsy was done. Thereafter, he refused to be exposed and remained in his cell for two to three month periods. A nurse examined several lesions on his arms, face and ears and reported them benign. The lesions continued to change over several years. A biopsy was finally done after several requests were ignored, on March 12, 015. The pathology confirmed basal cell cancer. Repeated biopsies again were reported as basal cell cancer.

It is my medical opinion that the lack or deprivation of sunscreen was the proximate cause of Mr. Holden's basal cell carcinoma. Attached please find medical documentation obtained from "Up to Date", a very reputable medical website. This confirms my opinion as the cause of Mr. Holden's multiple cancers.

(ECF No. 51-2 at 5.)

As indicated in the report, an article from www.uptodate.com on the epidemiology, pathogenesis, and clinical features of BCC is attached as the basis for Dr. Rowan's opinion as to the cause of Plaintiff's cancers, *i.e.*, the deprivation of sunscreen.

The printout from www.uptodate.com contains the following information pertinent to this motion:

> **RISK FACTORS** —Both environmental and genetic factors contribute to the development of BCC. Exposure to ultraviolet (UV) radiation in sunlight is the most important. Other established risk factors include chronic arsenic exposure, radiation therapy, long-term immunosuppressive therapy, and the basal cell nervus syndrome.
> **UV radiation**
> **Sun exposure** — Sun exposure is the most important environmental cause of BCC, and most risk factors relate directly to a person's sun exposure habits or susceptibility to solar radiation. These risk factors include having fair skin, light-colored eyes, red hair, northern European ancestry, older age, childhood freckling, and an increased number of past sunburns [17-19].
>
> The type, quantity, and timing of sun exposure associated with an increased risk of BCC are not clearly defined. Childhood sun exposure appears to be more important than exposure during adult life [17,20]. Evidence supporting this hypothesis comes from case control studies and clinical trials [18-21].
>
> ...
> It has been estimated that aggressive sun protection before the age of 18 years could reduce the number of nonmelanoma skin cancers by almost 80 percent [25]. Several trials provide evidence that sunscreen use decreases the incident of [squamous cell carcinoma] SCCs and that there are no adverse effects from sunscreen use [26-28]. However, a randomized trial evaluating the effects of sunscreen and the antioxidant beta-carotene over a four-year period found that those using topical sunscreen had a 40 percent reduction in SCCs but no decrease in BCCs [26]. ...

(ECF No. 51-2 at 7.)

First, Defendants state that Dr. Rowan intends to testify about the cause of Plaintiff's condition, but argue that nothing in his report explains how he reached this conclusion, and as such, the report is deficient under Rule 26(a)(2)(B)(i). Defendants contend that Dr. Rowan merely states he reviewed information, including medical records given to him, but does not identify the "facts or data" considered in forming his opinion.

Plaintiff responds that the report sufficiently comports with Rule 26, and in the event the court finds it is lacking in any way, he requests an opportunity to amend the report.

> An expert report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

Defendants argue that the report does not sufficiently set forth the basis for the opinions or facts or data considered in forming them. The court finds, however, that Dr. Rowan's report comports with Rule 26 in this regard. The report contains Dr. Rowan's opinion that the deprivation of sunscreen was the proximate cause of his BCC, cites certain facts he relied on (Plaintiff's medical records; that Plaintiff is a fair-skinned white mail with blonde hair, blue eyes and freckles and burns easily; that he was outdoors in a shade-less cage for one to three hours a day for a period of time; he was denied sun block from the prison store of medical department; he reported changes in skin lesions; was told they were benign with no biopsies, and eventually pathology confirmed BCC), as well as the data he relied on (data from www.uptodate.com) in forming his opinion. To the extent Defendants argue that there are contradictions between his opinion and the facts and data relied on, that is more appropriately addressed under a reliability analysis under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Therefore, the motion to strike the expert report for failing to comply with Rule 26 should be

denied.

Second, Defendants argue that Dr. Rowan should be precluded from testifying because his anticipated testimony is deficient under Federal Rule of Evidence 702 because it is not based on facts or data, and is unreliable.

Plaintiff responds that Dr. Rowan's report indicates that he reviewed information, including Plaintiff's medical records, in reaching his medical opinion, as well as various facts recounted in the report. Plaintiff further argues that Dr. Rowan's conclusion is adequately supported by relevant information from www.uptodate.com, which identifies sun exposure as the most important environmental cause of BCC. He argues that Dr. Rowan's report is reliable because sunscreen offers protection from the sun, and Plaintiff was denied protection from the sun.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 was amended in 2002 in response to *Daubert*, and the cases applying it, including *Kumho Tire Co. v. Carmichael*, 526 U.S 137 (1999). *Daubert* charged trial judges with the task of serving as gatekeeper for excluding unreliable or untrustworthy expert opinions. *Kumho* clarified that this function applies to all expert testimony. *Kumho*, 526 U.S. at 140. The proponent of the evidence "has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Advisory Committee comments to the 2000 Amendments to Rule 702 (citing *Bourjaily v. U.S.*, 483 U.S. 171 (1987)).

The court agrees with Defendants that the report does not demonstrate that Dr. Rowan's anticipated testimony is the product of reliable principles and methods, or that he has reliably applied those principles and methods to the facts of the case. This is because, as Defendants point out, there are apparent contradictions between Dr. Rowan's opinion that the deprivation of sunscreen was the proximate cause of Plaintiff's BCC, and the data Dr. Rowan purportedly relied

upon in forming this opinion. Dr. Rowan's opinion is simply that the deprivation of sunscreen caused Plaintiff's BCC. The article does state that exposure to ultraviolet (UV) radiation in sunlight is the most important environmental cause of BCC. The article also states that childhood exposure appears to be more important than exposure during adult life, and, importantly, that sunscreen use decreased the incidence of SCCs, but trials showed *no decrease* in *BCC* with sunscreen use.

In the absence of some sort of supplement to the report giving a reliable explanation for this apparent contradiction or some other reliable basis for the opinion, the court agrees that Dr. Rowan should be precluded from testifying that the deprivation of sunscreen was the proximate cause of Plaintiff's BCC, as the report currently stands.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING IN PART AND DENYING IN PART** Defendants' motion (ECF No. 51). To the extent Defendants seek an order striking the report for failing to comply with Rule 26, the motion should be denied. The motion should be granted, however, insofar as Defendants seek an order precluding Dr. Rowan from testifying that deprivation of sunscreen was the proximate cause of Plaintiff's BCC because, as it currently stands, the court cannot conclude that the anticipated testimony is the product of reliable principles that have been reliably applied to the facts of this case.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: September 28, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE