UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JIM BASS HOLDEN,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEVADA, ex rel. NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00064-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court are two reports and recommendations of United States Magistrate Judge William G. Cobb (ECF Nos. 59, 62) ("R&R" or "Recommendation"), relating to Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion") (ECF No. 32) and Defendants' motion to strike Plaintiff's proposed expert witness ("Defendants' Motion") (ECF No. 51). The deadlines for objections have expired and the parties have not objected.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a

magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's Recommendation. The Magistrate Judge recommends denying Plaintiff's Motion, which is based primarily on Defendants' failure to identify a rebuttal expert, because the issue of causation of Plaintiff's skin condition is a factual dispute for the jury to resolve. (ECF No. 59.) Upon reviewing the Recommendation, Plaintiff's Motion and the underlying records, the Court agrees with the Magistrate Judge's recommendation to deny summary judgment.

With respect to Defendant's Motion, the Magistrate Judge recommends granting it in part and denying it in part. (ECF No. 62.) In particular, the Magistrate Judge recommends denying the Motion to the extent Defendant seeks to strike Plaintiff's expert witness disclosure on the premise that his disclosure fails to comply with Fed. R. Civ. P. 26. The Magistrate Judge recommends granting the Motion to the extent it seeks to preclude Plaintiff's expert witness, Noel M. Rowan, M.D., from testifying that deprivation of sunscreen was the proximate cause of Plaintiff's skin condition (basal cell carcinoma) under Fed. R. Evid. 702. The Court has reviewed briefs relating to Defendants' Motion and agrees with the R&R.

///

///

1     It is therefore ordered, adjudged and decreed that the reports and recommendations of Magistrate Judge William G. Cobb (ECF Nos. 59, 62) are accepted and adopted in its entirety.

It is ordered that Plaintiff's Motion for Partial Summary Judgment (ECF No. 32) is denied.

It is further ordered that Defendants' motion to strike (ECF No. 51) is granted in part and denied in part. The Court will not strike Plaintiff's expert witness disclosure. However, Plaintiff's expert witness, Dr. Rowan, will be precluded from testifying that deprivation of sunscreen was the proximate cause of Plaintiff's basal cell carcinoma.

DATED THIS 20th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE